## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHANE K. HUMMEL,
        Appellant,

    v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
PH-3330-16-0304-I-1

DATE: September 20, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shane K. Hummel</u>, Palmerton, Pennsylvania, pro se.

<u>Lida V. Kianoury</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as withdrawn. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 On May 9, 2016, the appellant filed a Board appeal alleging that the agency failed to follow merit promotion procedures when it did not select him for the position of Lead Quality Assurance Specialist, GS-1910-12. Initial Appeal File (IAF), Tab 1. Because it appeared that the appellant was raising a claim under the Veterans Employment Opportunities Act of 1998 (VEOA), the administrative judge provided the appellant detailed information concerning the jurisdictional requirements and burdens of proof applicable to VEOA appeals. IAF, Tab 3. Subsequently, the appellant submitted a pleading in which he stated the following: "I'd like to withdraw my appeal in this case." IAF, Tab 5. The administrative judge issued an initial decision dismissing the appeal as withdrawn. IAF, Tab 6, Initial Decision.

¶3 In his petition for review, the appellant states, without elaboration, that he filed his request to withdraw the appeal "prior to a thorough understanding of the

---

[2] To the extent the appellant's petition may be construed as a request to reopen the appeal on the Board's own motion under 5 C.F.R. § 1201.118, we deny his request. *See Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 9 (2010).

process." Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶4      Generally, an appellant's withdrawal of an appeal is an act of finality which removes the appeal from the Board's jurisdiction. *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 7 (2010). The withdrawal must be clear, decisive, and unequivocal. *Id.* In the absence of unusual circumstances, such as when the decision to withdraw was based on misinformation, or the appellant has submitted new and material evidence, the Board will not reinstate an appeal once it has been withdrawn. *Nazario v. Department of Justice*, 108 M.S.P.R. 468, ¶ 4 (2008). Here, the appellant's request to withdraw his appeal was clear, decisive, and unequivocal. He has not alleged or shown that his decision to withdraw was involuntary due to misinformation, and he has not submitted any new evidence on petition for review. Consequently, his petition does not meet the criteria for review under 5 C.F.R. § 1201.115 and provides no basis for reinstating his appeal. *See Lincoln*, 113 M.S.P.R. 486, ¶ 8.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.